# RAFTER AND ASSOCIATES PLLC
29 BROADWAY, 14TH FLOOR
NEW YORK, NEW YORK 10006
(212) 797-4362
FAX: (212) 797-4363
www.rafterpllc.com

December 29, 2010

*Via Facsimile: 212-805-7920*
Hon. Shira Scheindlin
United States District Courthouse
500 Pearl Street, Room 1620
New York, NY 10007-1312

    Re:    AGCS Marine Insurance Company v. United Airconditioning Corp.
            Case No.   :   10 Civ. 4087(SAS)
            Our File No. :   3400.1076

Dear Judge Scheindlin:

    This office represents defendant United Airconditioning Corp. ("United") in the above referenced matter. This letter is written in accordance with the Individual Rules of this Court, which require that the parties request a Pre-Motion Conference prior to filing certain motions. United makes this application for a Pre-Motion Conference prior to its filing a motion pursuant to *F.R.C.P. 37(b) and (d)*, to dismiss the action against it based on plaintiff's willful spoliation of crucial evidence.

    By way of background, this action, brought in subrogation, seeks damages of approximately $120,000, paid by ACGS Marine Insurance Company ("ACGS") to its insured, 130 Fulton Street Condominium ("130 Fulton St.") for property damage it claims was caused by water that froze in coils of a cooling tower due to the alleged negligence of defendant United. United installed the cooling tower and other air conditioning equipment in 2006, during gut renovations of the building located at 130 Fulton Street, and the system was first put into operation for the summer of 2006. Plaintiff alleges that the damage was caused two winters later (the winter of 2007/2008), and was discovered in April of 2008.

    Plaintiff alleges that when United installed the cooling tower it was not level and therefore the water could not be completely drained during winterization; that butterfly valves were defective and did not close completely, allowing water into the tower; and that United winterized the tower in a negligent manner; all of which allowed water to remain in the coils, which froze and split several coils during the winter of 2007/2008. The damage was discovered in April of 2008 when the tower was being re-commissioned for summer usage.

    United denies these allegations and contends that it winterized the air conditioning equipment, including the cooling tower, in the fall of 2006, for the first winter after installation

[Handwritten annotations:]
- Top left: "A Pre-Motion application"
- Top right: "1/5"
- USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 12/29/10
- Bottom handwritten order: "The January 5 conference will be a pre-motion conference. If plaintiff wishes to respond it must do so by January 4, 2011 at 5pm. So Ordered. [signature] USDJ 12/29/10"

Hon. Shira A. Scheindlin
December 29, 2010
Page 2

(2006/2007), but was not hired to winterize the equipment the second winter, when the damage is alleged to have occurred. Specifically, United contends that it winterized the tower in the fall of 2006 pursuant to warranty, by draining the tank of water and blowing air through the coils to make sure no water remained, and that it returned to the building in the spring of 2007, to re-commission the tower to summer operations. The parties do not dispute that there were no problems with the tower, and that the air conditioning system worked fine and without incident that entire summer (2007). United contends that this is evidence that the tower was installed properly, that it was level and that the butterfly valves were not defective, and that it was maintained properly.

United denies that it returned to winterize the system in the fall of 2007, for the winter of 2007/2008, contending that the tower was no longer under warranty and although a service/maintenance plan was offered to 130 Fulton St., the building declined to purchase it. United further contends that the damage to the cooling tower was due to the negligence of the building, in either failing to winterize the tower, or in improperly winterizing it, prior to the winter of 2007/2008.

The issue of spoliation arises from plaintiff's intentional and willful destruction and disposal of the subject coils and the butterfly valves within a week of their being removed and inspected by an engineer hired by ACGS, and an air conditioning contractor hired by 130 Fulton Street to replace the coils and repair the damage, although, as discovery has established, litigation was being contemplated and plaintiff was cautioned by a claim representative from Travelers Insurance, not to dispose of them. (Travelers Insurance wrote 130 Fulton Street's Boiler and Machinery policy, but disclaimed coverage for the loss. The claim was then presented to ACGS, which first disclaimed coverage as well, but later extended coverage under a reservation of rights and paid 130 Fulton St. for the damages alleged.) Despite this, plaintiff's claim adjustor, Anthony Viselli, ordered that the coils be disposed of on June 27, 2006, as evidenced from an email he wrote to the Travelers' representative, David La Pointe, which states, "We inspected and took photos and will be receiving a report from our engineer. We did what we needed to do." 

Also in issue is a missing service ticket. United denies having a service ticket for the winterizing of the tower in the fall of 2007 because, as it contends, it did not winterize the tower. At a deposition of the former building superintendant, Edward Dowd, Mr. Dowd testified that he believed United winterized the tower that fall and left him a service ticket, which he gave to building owner David Koeppell *after* the damage to the tower was discovered.

United contends that due to plaintiff's intentional and willful spoliation of crucial evidence, it is unable to have the equipment inspected and analyzed by its own expert to determine the cause of the damage and the accuracy of plaintiff's contentions, and it is unfairly prejudiced in its ability to defend the action against it.

Hon. Shira A. Scheindlin
December 29, 2010
Page 3


United did not learn of the destruction of the equipment in issue until the recent deposition of Edward Dowd, which was conducted on December 13, 2010, but United withheld making the within application to this Court until after a scheduled mediation was conducted, on December 21, 2010. The issue of spoliation was explored at the mediation, but the parties' differences of opinion as to spoliation and other issues of proof, made efforts at settlement unsuccessful.

A Pre-Trial Conference is presently scheduled to be held before this Court on January 5, 2011, at 5:00 p.m. It is respectfully requested that the Pre-Motion Conference be held at this time, or that the conference be adjourned to a date when the Court can address the issues contained herein and conduct a Pre-Motion Conference.

Thank you very much for your consideration of this application.

Respectfully yours,

Beth L. Rex, Esq.

BLR/mf

cc: Robert Scheps, Esq. *via email:* rsheps@shepslaw.com